IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                    Plaintiff,                    OPINION and ORDER

      v.                                                    13-cv-839-bbc

ERIC KNOX OR OTHER ASSIGNED
DIRECTOR, B/H/S Pharmacy,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Michael Scott, an inmate at the Green Bay Correctional Institution, has filed this lawsuit alleging that Department of Corrections pharmacy staff changed his prescription for a foot infection and then cut him off from medication entirely. After reviewing plaintiff's complaint, I conclude that he may not proceed at this time because his complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

      I draw the following facts from plaintiff's complaint.

ALLEGATIONS OF FACT

      Plaintiff Michael Scott is an inmate at the Green Bay Correctional Institution. He suffers from a serious foot infection. On August 14, 2013, Dr. Cox prescribed ketoconazole, an antifungal medication, to treat the infection. On August 19, 2013, plaintiff was told by a Health Services Unit nurse that ketoconazole was "discontinued" by the Bureau of Prisons

1

"Waupun pharmacy," and that the pharmacy had changed the prescription to fluconazole. Plaintiff wrote to defendant Eric Knox, who he believes is the director of the pharmacy. He did not receive a response. Plaintiff continues to suffer pain, cracking, itching, peeling and discharge from the infection.

DISCUSSION

Plaintiff seeks leave to proceed in forma pauperis in this case. However, plaintiff has struck out under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought actions that were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. Scott v. Aurora Sinai, 09-C-745 (E.D. Wis. Sept. 23, 2009); Scott v. McCabe, 10-cv-138-bbc (W.D. Wis. Apr. 26, 2010); Scott v. Columbia Correctional Institution, 11-cv-384-bbc (W.D. Wis. July 7, 2011). Therefore, he cannot proceed in forma pauperis unless I find that he has alleged that he is in imminent danger of serious physical injury.

If plaintiff were to meet this standard, the next step would be for the court to screen plaintiff's complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who

2

by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In performing this screening, the court construes the complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

I conclude that plaintiff fails to meet either the imminent danger or screening standards at this point his complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires plaintiff to plead enough allegations of fact to make a claim for relief plausible, that is, reasonable on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether the details in the complaint satisfy this standard, a district court should consider only factual allegations and disregard "mere conclusory statements." Iqbal, 556 U.S. at 678.

At this point, plaintiff has not provided enough explanation about why his rights have been violated. I understand him to be alleging that Bureau of Health Services staff failed to provide him with his prescribed medication, and instead provided a different medication. What this means is still a mystery—plaintiff confusingly states both that he has received the new medication and that he has not "been able to start taking *any* pills" (emphasis added). It is unclear how the provision of fluconazole violates his Eighth Amendment rights against cruel and unusual punishment; according to the National Institutes for Health, fluconazole is used to treat fungal infections,

3

http://www.nlm.nih.gov/medlineplus/druginfo/meds/a690002.html. Prisoners are not entitled to receive the particular medical treatment of their choice, Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997), and plaintiff does not explain how swapping one antifungal medication for another is harming him. To the extent he means to say that he is not taking any medication, he does not explain whether this is because someone is withholding the new medication or whether he chooses not to take it because he believes it is inferior.

It is also unclear whether plaintiff has named the proper parties as defendants. Plaintiff names "Eric Knox or other assigned director, B/H/S Pharmacy" as the defendant in this action, but it is clear from his allegations that he does not know who at the "Waupun pharmacy" switched the medications, or even whether Knox was the director of the pharmacy unit of the Bureau of Health Services at the time of plaintiff's complaint, much less whether Knox received his complaint about the switch. Plaintiff cannot bring his claim against Knox just because he may have been the director of the pharmacy; he has to show that Knox was personally involved in switching the medication or ignoring his complaint about the switch. Atkins v. City of Chicago, 631 F.3d 823, 830-32 (7th Cir. 2011) (plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level"); T.E. v. Grindle, 599 F.3d 583, 590 (7th Cir. 2010) ("Because there is no theory of respondeat superior for constitutional torts, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). If he means to say that someone either at the prison or the pharmacy is preventing him from receiving *any* medication, he does not name any staff member from the

4

prison as a defendant.

Because plaintiff's allegations do not pass muster under Rule 8, I will dismiss the complaint and will give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- Who made the decision to switch plaintiff's medications?

- Did plaintiff ever receive the fluconazole?

- If he has received the fluconazole, has he taken it as directed? If not, why?

- If he did not receive the fluconazole, who at the prison or pharmacy is responsible for keeping it from him?

Plaintiff should identify clearly the facts that form the basis for his claims against defendants and should set forth his allegations in separate, numbered paragraphs using short and plain statements.

Plaintiff should also consider whom to name as defendants in the new complaint. If he knows the identity of any individual who violated his rights, he should name that person in the complaint and explain what that person did to harm him. If plaintiff does not know any individual's name, he may refer to the individual as John or Jane John Doe 1, John Doe 2, etc., but he will need to explain what each individual defendant did to violate his rights.

Plaintiff may have until February 17, 2014 to submit an amended complaint. If he does not submit his amendment by this deadline, I will direct the clerk of court to enter

judgment in favor of defendant and close the case.

ORDER

IT IS ORDERED that plaintiff Michael Scott's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until February 17, 2014 to submit an amended complaint.  If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter judgment in favor of defendant.

Entered this 27th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge